UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| ERIK BARCENAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>　　　　Defendant. | No. ED CV 14-1965-AS<br><br>**MEMORANDUM OPINION AND ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**I.  PROCEEDINGS**

On August 16, 2011, Plaintiff Erik Barcenas ("Plaintiff") applied for Supplemental Security Income ("SSI") based on alleged mental impairments and asserting disability since September 1, 2000. (A.R. at 132-76). The Administrative Law Judge ("ALJ"), Paul

1

Coulter, examined the records and heard testimony from Plaintiff and a vocational expert ("VE"), Ruth Arnush, on February 20, 2013. (A.R. at 21-40). On April 4, 2013, the ALJ denied Plaintiff benefits in a written decision. (A.R. at 9-17). The Appeals Council denied review of the ALJ's decision. (A.R. at 1-3).

On September 25, 2014, Plaintiff filed a Complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), alleging that the Social Security Administration erred in denying him disability benefits. (Docket Entry No. 3). On January 26, 2015, Defendant filed an Answer to the Complaint, (Docket Entry No. 12), and the Certified Administrative Record ("A.R."), (Docket Entry No. 13). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 9, 10). On June 23, 2015, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claims. (Docket Entry No. 20).

## II. RELEVANT FACTS

In applying for SSI benefits, Plaintiff alleged the following disabling impairments: obsessive compulsive disorder ("OCD"), panic attacks, depression, anxiety, agoraphobia, and insomnia. (A.R. at 136). Although the ALJ found that all of Plaintiff's impairments were severe, (A.R. at 11), the ALJ determined that Plaintiff could return to his past relevant work, or find other work that existed in significant numbers in the national economy. (A.R. at 16-17).

After hearing Plaintiff's testimony and reviewing the evidence

in the record, the ALJ decided that Plaintiff possessed the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: due to his mental impairments, [Plaintiff] is limited to simple repetitive tasks, and no interaction with the general public." (A.R. at 14). The ALJ gave "great weight" to the opinions of the state agency physicians, Dr. Anna Franco and Dr. B. Smith, in determining Plaintiff's RFC. (A.R. at 15). In discussing the opinions of Drs. Franco and Smith, the ALJ correctly noted that both doctors found that Plaintiff was limited to simple 1-2 step tasks. (A.R. at 15, 48, 61).

In determining whether Plaintiff was capable of performing his past relevant work or other work, the ALJ asked the VE hypothetical questions during the hearing. (A.R. at 37-39). Specifically, the ALJ asked the VE to consider whether a person of Plaintiff's age, education, work experience, and possessing Plaintiff's RFC, could perform any jobs that exist in significant numbers in the national economy. (A.R. at 38). The VE testified that Plaintiff could return to his past relevant work as a picker, (A.R. at 37-38), and could also perform work as a vehicle cleaner, packer, or warehouse worker, (A.R. at 38).

Based on the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a picker or, alternatively, could work as a vehicle cleaner, packer, or warehouse worker. (A.R. at 16-17). Consequently, the ALJ found that Plaintiff was not disabled under 42 U.S.C. § 423(d)(1)(A).

### III. PLAINTIFF'S CONTENTIONS

Plaintiff claims that the ALJ failed to properly (1) consider the opinions of the state agency physicians; (2) determine Plaintiff's RFC; and (3) pose a hypothetical question to the vocational expert. (Joint Stip. at 3).

### IV. DISCUSSION

After consideration of the record, the Court finds that Plaintiff's third claim warrants remand for further consideration. Since remand is appropriate on the issue of whether the ALJ properly posed a hypothetical question to the VE, the Court declines to consider the remaining issues.

**A. The ALJ Failed to Pose a Proper Hypothetical Question to the Vocational Expert**

An ALJ may ask a vocational expert "hypothetical question[s] . . . reflecting all of the claimant's limitations, both physical and mental, supported by the record." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012). However, if a "hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (quoting Delorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)).

//

In this case, the ALJ's hypothetical to the VE was improper because it failed to take into account Plaintiff's limitation to simple 1-2 step tasks. The ALJ gave "great weight" to the opinions of the state agency physicians in reaching his RFC determination. Because the ALJ did not state otherwise, it appears that he fully accepted the opinions of Dr. Franco and Dr. B. Smith, including their findings that Plaintiff was limited to simple 1-2 step tasks. However, the ALJ failed to include this limitation in his hypothetical to the VE and instead asked the VE to assume a hypothetical claimant limited to "simple and repetitive tasks."[1] (A.R. at 38). Consequently, the VE was unable to accurately testify about whether Plaintiff could perform his past relevant work or any other work that exists in significant numbers in the economy if Plaintiff was limited to "simple 1-2 step tasks." As a result, the VE's testimony was not entitled to any weight and was improperly relied upon by the ALJ. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) ("Because neither the hypothetical nor the answer properly set forth all of [Plaintiff's] impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

//
//
//
//

---

[1] If the ALJ did, in fact, intend to discount findings of the State agency physicians, he was required to explain which findings he discounted and explain the reasons for doing so. See Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (citation omitted) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.")

**B. The ALJ's Error Was Not Harmless**

"[H]armless error principles apply in the Social Security . . . context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). Generally, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (citing Carmickle v. Comm'r Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)).

The Court finds that the ALJ's errors were not harmless. As discussed above, the VE's testimony does not constitute substantial evidence to support the ALJ's findings. Furthermore, none of the alternate jobs that the VE testified Plaintiff could perform are capable of performance by a person limited to simple 1-2 step tasks.[2] Beyond the vocational expert's testimony, the ALJ did not offer any other permissible evidence that Plaintiff is able to return to past relevant work or perform any other work. (See A.R. at 17). While other evidence may exist in the record to support a finding of non-disability, the Court is constrained to the reasons provided by the ALJ in his decision.[3] See Ceguerra v. Sec. Health and Human

---

[2] According to the Dictionary of Occupational Titles ("DOT"), each job listed by the VE at the hearing requires that a worker be capable of more than simple 1-2 step tasks. See Dictionary of Occupational Titles, 919.687-014, 920.587-018, 922.687-058 (January 1, 2008). Additionally, since the ALJ's hypothetical failed to take into consideration all of Plaintiff's limitations, the job listings referenced by the VE are also inaccurate.

[3] Thus, Defendant's argument that any error was harmless because the state agency physicians suggested acceptable jobs is unavailing. (See Joint Stip. at 16).

6

Servs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). Without other evidence in the ALJ's decision to support the conclusion that Plaintiff may perform any work, the ALJ's disability determination is incomplete. Therefore, the ALJ's errors are not "inconsequential to the ultimate disability determination," and cannot be deemed harmless. See Carmickle, 466 F.3d at 885.

**C.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Since the ALJ failed to properly frame his hypothetical questions for the VE, remand is warranted. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of

the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (citations omitted). The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. In this case, further proceedings may determine that Plaintiff can perform jobs existing in significant number in the national economy. However, "evaluation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's alleged failures to properly consider the opinions of the state agency physicians and to properly determine Plaintiff's RFC.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is REVERSED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 4, 2015.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE